JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Edward L. Brown, Jr.

**(b)** County of Residence of First Listed Plaintiff: Lancaster
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Law Offices of Robert T Vance Jr, 123 South Broad Street, 15th Floor, Philadelphia PA 19109 (267) 887-0172

## DEFENDANTS
Tower Behavioral Health

County of Residence of First Listed Defendant: 
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | 625 Drug Related Seizure of Property 21 USC 881 | 422 Appeal 28 USC 158 | 375 False Claims Act |
| 120 Marine | 310 Airplane / 365 Personal Injury - Product Liability | 690 Other | 423 Withdrawal 28 USC 157 | 376 Qui Tam (31 USC 3729(a)) |
| 130 Miller Act | 315 Airplane Product Liability / 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **INTELLECTUAL PROPERTY RIGHTS** | 400 State Reapportionment |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander | | 820 Copyrights | 410 Antitrust |
| 150 Recovery of Overpayment & Enforcement of Judgment | 330 Federal Employers' Liability / 368 Asbestos Personal Injury Product Liability | | 830 Patent | 430 Banks and Banking |
| 151 Medicare Act | 340 Marine | | 835 Patent - Abbreviated New Drug Application | 450 Commerce |
| 152 Recovery of Defaulted Student Loans (Excludes Veterans) | 345 Marine Product Liability / **PERSONAL PROPERTY** | **LABOR** | 840 Trademark | 460 Deportation |
| 153 Recovery of Overpayment of Veteran's Benefits | 350 Motor Vehicle / 370 Other Fraud | 710 Fair Labor Standards Act | 880 Defend Trade Secrets Act of 2016 | 470 Racketeer Influenced and Corrupt Organizations |
| 160 Stockholders' Suits | 355 Motor Vehicle Product Liability / 371 Truth in Lending | 720 Labor/Management Relations | **SOCIAL SECURITY** | 480 Consumer Credit (15 USC 1681 or 1692) |
| 190 Other Contract | 360 Other Personal Injury / 380 Other Personal Property Damage | 740 Railway Labor Act | 861 HIA (1395ff) | 485 Telephone Consumer Protection Act |
| 195 Contract Product Liability | 362 Personal Injury - Medical Malpractice / 385 Property Damage Product Liability | 751 Family and Medical Leave Act | 862 Black Lung (923) | 490 Cable/Sat TV |
| 196 Franchise | | | 863 DIWC/DIWW (405(g)) | 850 Securities/Commodities/Exchange |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | 790 Other Labor Litigation | 864 SSID Title XVI | 890 Other Statutory Actions |
| 210 Land Condemnation | 440 Other Civil Rights / **Habeas Corpus:** | 791 Employee Retirement Income Security Act | 865 RSI (405(g)) | 891 Agricultural Acts |
| 220 Foreclosure | 441 Voting / 463 Alien Detainee | | **FEDERAL TAX SUITS** | 893 Environmental Matters |
| 230 Rent Lease & Ejectment | 442 Employment / 510 Motions to Vacate Sentence | | 870 Taxes (U.S. Plaintiff or Defendant) | 895 Freedom of Information Act |
| 240 Torts to Land | 443 Housing/ Accommodations / 530 General | | 871 IRS—Third Party 26 USC 7609 | 896 Arbitration |
| 245 Tort Product Liability | 445 Amer. w/Disabilities - Employment / 535 Death Penalty | **IMMIGRATION** | | 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| 290 All Other Real Property | 446 Amer. w/Disabilities - Other / **Other:** 540 Mandamus & Other | 462 Naturalization Application | | 950 Constitutionality of State Statutes |
| | 448 Education / 550 Civil Rights | 465 Other Immigration Actions | | |
| | 555 Prison Condition | | | |
| | 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District (specify)
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Title VII of the Civil Rights Act of 1964, as amended

Brief description of cause:
Employment discrimination: race and sex

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: [x] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE: N/A
DOCKET NUMBER:

DATE: September 2, 2025

SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

10/2024

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DESIGNATION FORM

Place of Accident, Incident, or Transaction: _Reading, Pennsylvania_

---

**RELATED CASE IF ANY:** Case Number: _N/A_  Judge:_____

1. Does this case involve property included in an earlier numbered suit?  Yes ☐
2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit?  Yes ☐
3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit?  Yes ☐
4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual?  Yes ☐
5. Is this case related to an earlier numbered suit even though none of the above categories apply? If yes, attach an explanation.  Yes ☐

I certify that, to the best of my knowledge and belief, the within case ☐ is / ☒ **is not** related to any pending or previously terminated action in this court.

---

**Civil Litigation Categories**

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Wage and Hour Class Action/Collective Action
6. ☐ Patent
7. ☐ Copyright/Trademark
8. ☒ Employment
9. ☐ Labor-Management Relations
10. ☐ Civil Rights
11. ☐ Habeas Corpus
12. ☐ Securities Cases
13. ☐ Social Security Review Cases
14. ☐ Qui Tam Cases
15. ☐ Cases Seeking Systemic Relief  *see certification below*
16. ☐ All Other Federal Question Cases. *(Please specify)*:_____

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury *(Please specify)*:_____
7. ☐ Products Liability
8. ☐ All Other Diversity Cases: *(Please specify)*_____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ does / ☒ **does not** have implications beyond the parties before the court and ☐ does / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

---

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☒ Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐ None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

**United States District Court for the Eastern District of Pennsylvania**

Edward L. Brown, Jr. :
:
vs : Civil Action No.
:
Tower Behavioral Health : ***Jury Trial Demanded***

*Complaint*

Plaintiff, Edward L. Brown, Jr., brings a series of claims against Defendant, Tower Behavioral Health, of which the following is a statement:

*Jurisdiction and Venue*

1. This Court has original jurisdiction to hear this Complaint and adjudicate the claims stated herein under 28 U.S.C. §§ 1331, 1343, 2201, 2202 and 2000d-2. 2000e-5(f), this action being brought under The Civil Rights Act of 1866, 42 U.S.C. § 1981 ("Section 1981"), Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000d and 2000e, et seq. ("Title VII"), and the Civil Rights Act of 1991, Pub. L. 102-166, 105 Stat. 1071 (Nov. 21, 1991), to redress and enjoin the discriminatory and retaliatory practices of defendant. This Court may exercise supplemental jurisdiction over Lorenzo's state law claims pursuant to 28 U.S.C. §1367.

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the events or omissions giving rise to this case occurred in this judicial district.

3. Brown timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Pennsylvania Human Relations Commission ("PHRC"), received a Notice of Right to Sue ("NRTS") from the EEOC, and has commenced this action within 90 days of receipt of the NRTS.

***Parties***

4.      Plaintiff, Edward L. Brown, Jr., is a Black male citizen of the United States and a resident of this judicial district.

5.      Defendant, Tower Behavioral Health, is a Pennsylvania corporation and residential treatment facility that provides inpatient and outpatient care for adolescents and adutls with various behavioral health concerns. It has a principal place of business located at 201 Wellness Way, Reading, Pennsylvania 19605.

6.      At all times relevant to this action, defendant was an "employer" within the meaning of Section 1981, Title VII, and applicable state law.

7.      The acts set forth in this Complaint were authorized, ordered, condoned, ratified and/or done by defendant's officers, agents, employees and/or representatives while actively engaged in the management of defendant's business and pursuant to defendant's official policies and customs.

***Background Facts***

8.      Brown began his employment with defendant on September 28, 2020, as an Admissions Counselor, working on defendant's night shift from 7:00 p.m. until 7:00 a.m. He reported to Jenny Palmisano, a White female and defendant's Admissions Director.

9.      Brown's job performance consistently met the expectations of his position as Admissions Counselor. For example, on January 23, 2024, defendant issued an Annual Performance Review to Brown and gave him an overall rating of Meets Expectations.

10.     In mid-April 2024, Brown complained to Palmisano about discriminatory treatment he had been receiving during the prior months from Kristie Rathman, a White female and defendant's Admissions Supervisor, and Bryttny Hoffa, a White female and another of

2

defendant's Admissions Counselors.  Brown told Palmisno that he believed Rathman and Hoffa were unjustifiably criticizing his work, but not the work of his White female co-workers, because of his race and sex.  Palmisano failed to investigate Brown's complaint.

11. Rather than investigate Brown's complaint, Palmisano retaliated against him for making the complaint by disciplining him.

12. In late April 2024, Palmisano issued a written warning to Brown for alleged job performance.  There was no basis for the written warning.

13. In early May 2024, Palmisano issued another written warning to Brown for alleged job performance.  There was no basis for the written warning.

14. In late May 2024, Palmisano issued a final written warning to Brown for alleged job performance.  There was no basis for the final written warning.

15. At or around this time, defendant promoted Rathman to Admissions Director and promoted Hoffa to Admissions Supervisor.  They began posting pictures and had tee shirts made promoting "girl power."

16. In May 2024, Brown complained to Lynsey Pratt, a White female and defendant's Human Resources Representative, that he was being bullied and harassed by Rathman and Hoffa, including the "girl power" and related activities, and that Rathman and Hoffa were mistreating him and singling him out because of his race and sex.  Pratt failed to investigate Brown's complaint.

17. In June 2024, Brown complained to Pratt, Rathman, and Becca Pasley Rich, a White female and defendant's Acting Admission Director, and reiterated his complaints concerning Rathman and Hoffa.  Neither Pratt, nor Rathman, nor Rich investigated Brown's complaint.

3

18. On August 13, 2024, Brown again complained to Rathman that she and Hoffa were mistreating him and singling him out because of his race and sex. Again, Rathman failed to investigate Brown's complaint.

19. Instead, on August 14, 2024, defendant terminated Brown's employment, allegedly for poor job performance. To the contrary, defendant terminated Brown's employment because of his race and sex, and in retaliation for complaining about defendant's race and sex discrimination.

20. Brown has suffered, is now suffering, and will continue to suffer emotional distress, mental anguish, loss of enjoyment of life, and other non-pecuniary losses as a direct and proximate result of defendant's discrimination and retaliation.

21. By reason of defendant's discrimination and retaliation, Brown suffered extreme harm, including loss of income and other employment benefits, loss of professional opportunities, embarrassment and humiliation.

22. Defendant acted and failed to act willfully, maliciously, intentionally, and with reckless disregard for Brown's rights.

23. Defendant's actions and omissions described above constitute discrimination, harassment, and retaliation against Brown because of his race and sex in violation of Title VII of the Civil Rights Act of 1964, as amended, because of his race in violation of Section 1981, and because of his race and sex in violation of the Pennsylvania Human Relations Act.

### *Count I*

*Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§2000d and 2000e et seq.*

24. Plaintiff restates and realleges paragraphs 1- 23, inclusive, as though set forth here in full.

4

25. Brown had a federal statutory right under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§2000d and 2000e et seq. ("Title VII"), to be accorded the same rights as were enjoyed by White and female employees with respect to the terms and conditions of their employment relationship with defendant and to the enjoyment of all benefits, privileges, terms and conditions of that relationship.

26. Defendant's conduct deprived Brown of the rights, privileges and immunities guaranteed to him under Title VII.

27. By reason of defendant's discrimination and retaliation, Brown is entitled to all legal and equitable relief available under Title VII.

### *Count II*

### *The Civil Rights Act of 1866, 42 U.S.C. §1981*

28. Plaintiff restates and realleges paragraphs 1- 27, inclusive, as though set forth here in full.

29. Brown had a federal statutory right under the Civil Rights Act of 1866, 42 U.S.C. §1981 ("Section 1981"), as amended, to be accorded the same rights as were enjoyed by White employees with respect to the terms and conditions of their employment relationship with defendant and to the enjoyment of all benefits, privileges, terms and conditions of that relationship.

30. Defendant's conduct described above deprived Brown of the rights, privileges and immunities guaranteed to him under Section 1981.

31. By reason of defendant's race discrimination and retaliation, Brown is entitled to all legal and equitable relief available under Section 1981.

its, privileges, terms, and conditions of that relationship.

### Count III

### *Pennsylvania Human Relations Act – 43 P.S. §§951-963.*

32. Plaintiff restates and realleges paragraphs 1- 31, inclusive, as though set forth here in full.

33. Defendant's conduct described above, because of her race and sex, and in retaliation for Brown complaining about defendant's race and sex discrimination, violated the Pennsylvania Human Relations Act.

34. Defendant's conduct described above deprived Brown of the rights, privileges and immunities guaranteed to him under the Pennsylvania Human Relations Act.

35. By reason of defendant's discrimination and retaliation, Brown is entitled to all legal and equitable relief available under the Pennsylvania Human Relations Act.

### Jury Demand

36. Brown hereby demands a trial by jury as to all issues so triable.

### Prayer for Relief

Wherefore, Plaintiff, Edward L. Brown, Jr., respectfully prays that the Court:

a. adjudge, decree and declare that defendant engaged in illegal discrimination and retaliation, and that the actions and practices of defendant complained of herein violated his rights under Title VII, Section 1981, and the Pennsylvania Human Relations Act;

b. order defendant to provide appropriate job relief to Brown, including reinstatement;

c. enter judgment in favor of Brown and against defendant for all available remedies and damages under law and equity, including, but not limited to, back pay, front pay, past and future mental anguish and pain and suffering, in amounts to be determined at trial;

     d.     order defendant to pay the attorney's fees, costs, expenses and expert witness fees of Brown associated with this case;

     e.     grant such other and further legal and equitable relief as may be found appropriate and as the Court may deem just or equitable; and

     f.     retain jurisdiction until such time as the Court is satisfied that defendant has remedied the unlawful and illegal practices complained of herein and is determined to be in full compliance with the law.

_____
Robert T Vance Jr, Esquire
Law Offices of Robert T Vance Jr
123 South Broad Street, 15th Floor
Philadelphia PA 19110
267 887 0172 tel / 215 501 5380 fax
rvance@vancelf.com

*Attorney for Edward L. Brown, Jr.*